UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUSADDIQ AHMAD, | Civil Action No. 15-8994 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| HUDSON COUNTY PROSECUTOR'S OFFICE NARCOTICS TASK FORCE, | |
| Defendants. | |

**LINARES**, District Judge:

Currently before this Court is the complaint of Plaintiff, Musaddiq Ahmad. (ECF No. 1). Because this Court has granted Plaintiff *in forma pauperis* status, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint.

I. BACKGROUND

Plaintiff is a convicted state prisoner currently incarcerated in the Southern State Correctional Facility in New Jersey. Plaintiff seeks to raise civil rights claims against numerous law enforcement officials arising out of his arrest. Plaintiff provides only a limited factual recitation, stating that

> [a confidential informant ("CI") named] Norman Douglas Glover initiated entrapment by providing funds to [Plaintiff] for CDS and then theatrically entrapping [Plaintiff] with the [Hudson County Prosecutor's Office] for illegal arrest. Officer John Kolakowski oversaw all procedures and reports, committed false [and] willful

1

> disregard for the truth, falsified reports, facilitated the entrapment, signed off on illegal arrests, [and engaged in] selective enforcement. Officer Jeffrey Kearns facilitated [a] "bootstrap mechanism" arrest, worked hand-in-hand with the CI, Norman Douglas Glover, did not keep appropriate supervision [over] the CI's behavior, [and] may have forced [the] CI into entrapping [Plaintiff]. [The Hudson County Prosecutor's Office] Narcotics Task Force are employed by the Hudson County Board of Chosen Freeholders. Jersey City Police Department is employed by the city of Jersey City. All other officers [named in the complaint were] involved with the illegal arrest.

(ECF No. 1 at 5). As recompense for these alleged infractions, Plaintiff seeks his "immediate release from custody[;] compensation for lawyer fees, filing fees, legal fees, time spent in custody, loss of time with family and children, loss of business, loss of marriage, all funds spent in custody, [and damages for] kidnapping, false imprisonment, inter alia[; and] prosecution of Defendants." (*Id.* at 6).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a convicted prisoner who has been granted *in forma pauperis* status and is bringing suit against employees of a governmental entity.

2

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff, in his complaint, seeks to raise claims against police and prosecutor etnities for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff appears to be asserting two types of claims: a claim for false arrest/false imprisonment and a malicious prosecution claim.[2]

### 1. The Jersey City Police Department and Hudson County Prosecutor's Office Narcotics Task Force are not proper Defendants and Plaintiff fails to state a claim for relief against the Hudson County Board of Chosen Freeholders and the City of Jersey City

Plaintiff attempts to assert claims against various entities including the Jersey City Police Department. A New Jersey police department

> is not an independent entity with the capacity to sue and be sued, but only "an executive and enforcement function of municipal government." N.J.S.A. 40A:14-118. The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Pol[.] Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (per curiam; not precedential) ("We further agree with the District Court that the police department was not a proper party to this action. Although local government units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the

---

[2] Although Plaintiff also mentions "selective enforcement," Plaintiff alleges no facts which would suggest a selective enforcement claim, so it does not appear that Plaintiff intended to use that term as a term of art, and to the extent that Plaintiff did intend to raise a claim for selective enforcement, that claim would need to be dismissed as Plaintiff has pled no facts which, if true, would establish such a claim. *See Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (selective enforcement claim requires a plaintiff to plead that similarly situated individuals were treated differently by law enforcement, and that the reason for this difference in treatment was an improper basis "such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right").

4

> municipality of which it is a part.") (citation omitted)[;] [s]ee also
> Boneberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997)
> ([c]ourt[s] "treat[] the municipality and its police department as a
> single entity for purposes of section 1983 liability"); Michaels v.
> State of New Jersey, 955 F. Supp. 315, 329 n. 1 (D.N.J. 1996).

Rivera v. Zwiegle, No. 13-3024, 2014 WL 6991954, at *3 (D.N.J. Dec. 9, 2014). As such, the Jersey City Police Department is not a proper Defendant and must be dismissed from this action with prejudice. Id. To the extent that Plaintiff that Plaintiff has named the city of Jersey City, he has set forth no facts to support a claim against the city as he has identified no policy or ordinance which resulted in the violations at issue here, and the city must therefore be dismissed from this action without prejudice. See Los Angeles Cnty. v. Humphries, 562 U.S. 29, 35-36 (2010); Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91 (1978).

Plaintiff also names as a Defendant a subsection of the Hudson County Prosecutor's Office – the Hudson County Prosecutor's Office Narcotics Task Force. A New Jersey prosecutor's office when carrying out prosecutorial functions, including the investigation and prosecution of criminal defendants, is an arm of the state for § 1983 purposes. See, e.g., Beightler v. Office of Essex Cnty. Prosecutor, 342 F. App'x 829, 832-33 (3d Cir. 2009). As such, a prosecutor's office is entitled to Eleventh Amendment immunity from suit in federal court for cases arising out of a prosecutor's office's criminal investigation and prosecution activities. Id. As such, the Prosecutor's Office, and its subsection narcotics task force, to the extent that the task force is a separate legal entity subject to suit, would be entitled to Eleventh Amendment Immunity here, and thus must be dismissed from this matter with prejudice. Id.

Plaintiff also seeks to name as a Defendant the Hudson County Board of Chosen Freeholders. Plaintiff, however, has pled no facts connecting the Board to the events about which he complains, and Plaintiff's only potential theory of liability for the Board appears to be

5

that they indirectly employ some of the officers involved in Plaintiff's case. Plaintiff is thus seeking to hold them accountable vicariously for the actions of their subordinates. Section 1983, however, does not permit recovery for vicarious theories of liability, and liability cannot be predicated solely on the operation of respondeat superior. *See Iqbal*, 556 U.S. at 675-76; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"). As Plaintiff has pled no other basis for a claim against the Board, and as Plaintiff cannot maintain his vicarious liability supervisory liability claim against the Board under § 1983, the Board must be dismissed from this action without prejudice at this time.

## 2. Plaintiff fails to state a claim for either false arrest/false imprisonment or malicious prosecution

The first type of claim Plaintiff seeks to bring is a claim for false arrest and false imprisonment arising out of that arrest. False imprisonment and false arrest claims under § 1983 are two halves of the same coin, and they share the same necessary elements: that a plaintiff was arrested and incarcerated, and that his arrest was not based on probable cause. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000); *Johnson v. Provenzano*, --- F. App'x ---, ---, 2016 WL 1459545, at *2-3 (3d Cir. Apr. 14, 2016). Here, in claiming that he was "entrapped," Plaintiff has essentially pled that the police provided a CI with money with which to purchase CDS from Plaintiff, and that he was arrested following his sale of CDS to the CI. As the sale of CDS is a crime in New Jersey, Plaintiff's sale of CDS to a confidential informant is more than sufficient to

establish probable cause for Plaintiff's arrest. Thus, based on the few facts Plaintiff has provided in his complaint, probable cause existed for Plaintiff's arrest, and he can make out neither a false arrest nor false imprisonment claim, and those claims must be dismissed without prejudice at this time. *Berg*, 219 F.3d at 268-69; *Groman*, 47 F.3d at 636.

Having dismissed Plaintiff's other claims, this Court is faced solely with Plaintiff's malicious prosecution claims. A plaintiff seeking to bring a malicious prosecution claim must plead the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Thus, a plaintiff cannot plead a cognizable claim for relief if he fails to establish that his criminal prosecution terminated in his favor. *Id.* Indeed, where a plaintiff has been convicted of a crime, a claim for malicious prosecution does not even accrue until his conviction has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Here, Plaintiff fails to plead any facts suggesting that his criminal prosecution terminated in his favor. Indeed, as he both pleads that he is currently a convicted state prisoner, and one of the forms of relief he requests is his release from incarceration, it fully appears that Plaintiff has been convicted – the least favorable conclusion of all for a criminal defendant. As such, Plaintiff has failed to plead a cognizable claim for malicious prosecution, and his complaint must be dismissed without prejudice for failure to state a claim for which relief may be granted. *Halsey*, 750 F.3d at 296-97.

As a final note, one of the forms of relief Plaintiff seeks is his "immediate release from custody." (ECF No. 1 at 6). Plaintiff also seeks damages for his "time spent in custody [including] loss of time with family and children, loss of business, loss of marriage, [and] all funds spent in custody." (*Id.*). Plaintiff also essentially seeks to show that his conviction is invalid because it was based on entrapment. Release from criminal custody is a form of relief which is only available through a petition for a writ of habeas corpus, and a § 1983 suit is an improper mechanism for seeking such relief. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), [and] no matter the target of the prisoner's suit[,] *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration"). Likewise where the success of a plaintiff's complaint would necessarily imply the invalidity of his conviction or continued incarceration, that claim is barred under § 1983 until such time as a Plaintiff has had his underlying conviction or incarceration invalidated. *Wilkinson*, 544 U.S. at 78-82; *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, to the extent Plaintiff is seeking damages arising out of his conviction, and to the extent that he seeks an immediate or speedier release, Plaintiff's claims would need to be dismissed without prejudice for that reason as well.

## III. CONCLUSION

For the reasons stated above, this Court dismiss the Hudson County Prosecutor's Office Narcotics Task Force and Jersey City Police Department from this action with prejudice, and will dismiss Plaintiff's remaining claims without prejudice. Plaintiff will be granted leave, within thirty (30) days. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge