UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUSADDIQ AHMAD, | Civil Action No. 15-8994 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| HUDSON COUNTY PROSECUTOR'S OFFICE NARCOTICS TASK FORCE, | |
| Defendants. | |

**LINARES**, District Judge:

Currently before this Court is the amended complaint of Plaintiff, Musaddiq Ahmad. (ECF No. 7). Because this Court has granted Plaintiff *in forma pauperis* status, this Court is required to screen the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's amended complaint without prejudice in its entirety.

## I. BACKGROUND

Plaintiff is a convicted state prisoner currently incarcerated in the Southern State Correctional Facility in New Jersey. (ECF No. 1). Plaintiff seeks to raise civil rights claims against numerous law enforcement officials arising out of his arrest. In his amended complaint, Plaintiff presents the following basic facts.

Plaintiff became known to the police when his sale of narcotics was brought to the attention of the Hudson County Prosecutor's Office Narcotics Task Force by a confidential

1

informant ("CI") who had had dealings with Plaintiff under the name "Ghetto." (ECF No. 7 at 3). Although the police did not initially know the true identity of "Ghetto," they ultimately discovered him to be Plaintiff when they subpoenaed Plaintiff's cellphone carrier for the identity of the person using the phone number the CI had attributed to "Ghetto." (*Id.*). Following an incident wherein officers surveilled Plaintiff as he sold a controlled substance, specifically MDMA, to the CI, (*see* Document 1 attached to ECF No. 7 at 18-19), the police ultimately sought and were granted warrants to search Plaintiff and his vehicle in late December 2013. (ECF No. 7 at 3). According to Plaintiff, those warrants, however, expired on December 30, 2013, without being used. (*Id.* at 3-4). According to the reports of various officers Plaintiff attaches to his complaint, the officers had their CI conduct a second controlled buy of a controlled substance from Plaintiff on December 18, 2013. (*Id.* at 4; Document 1 attached to ECF No. 7 at 20-22).

Police arrested Plaintiff on January 14, 2014, pursuant to a valid bench warrant stemming from Plaintiff's failure to pay child support. (ECF No. 7 at 3-4). The police searched Plaintiff incident to that arrest and seized contraband including a plastic bag containing a white powdery substance police believed to be Methylone and a second plastic bag containing what appeared to be marijuana. (ECF No. 7 at 3-4; Document 1 attached to ECF No. 7 at 25-26). Plaintiff was thereafter charged with possession with intent to distribute the Methylone within 1000 feet of a school and within 500 feet of a public park, as well as possession of less than 50 grams of marijuana. (Document 1 attached to ECF No. 7 at 26).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a convicted prisoner who has been granted *in forma pauperis* status and is bringing suit against employees of a governmental entity.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

Plaintiff, in his complaint, seeks to raise claims against numerous police officers, the City of Jersey City, Verizon Wireless, and the police officers' CI for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]").  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).  Here, Plaintiff attempts to assert claims against defendants for false arrest and false imprisonment, illegal search, malicious prosecution, malicious abuse of process, and for alleged violations of the rule announced in *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Plaintiff also mentions, but does not truly attempt to plead a selective enforcement claim, and asks this Court to take supplemental jurisdiction over a state law invasion of privacy claim against Verizon.

### 1. Plaintiff fails to state a claim as to the City of Jersey City

Initially, the Court notes that Plaintiff names as a Defendant in this matter the City of Jersey City. Plaintiff, however, pleads no facts regarding the city which would connect it to the alleged violations other than the actions of the various Jersey City police officers. Section 1983, however, does not permit recovery for alleged constitutional infractions under vicarious theories of liability, and a civil rights action therefore cannot be predicated solely on the operation of respondeat superior. *See Iqbal*, 556 U.S. at 675-76; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"). As Plaintiff has pled no other basis for a claim against the city, and has certainly not pled that any policy, ordinance, or practice instated by the city led to the alleged violations, the city must be dismissed from this action as Plaintiff has failed to state a claim against it. *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).

### 2. Plaintiff fails to state a claim for false arrest/false imprisonment, illegal search, and selective enforcement

As this Court previously explained to Plaintiff, "[f]alse imprisonment and false arrest claims under § 1983 are two halves of the same coin, and they share the same necessary elements: that a plaintiff was arrested and incarcerated, and that his arrest was not based on probable cause. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000); *Johnson v. Provenzano*, --- F. App'x ---, ---, 2016 WL 1459545, at *2-3 (3d Cir. Apr. 14, 2016)." (ECF No. 6). The inherent

5

problem with Plaintiff's claims, however, is that Plaintiff himself admits that he was arrested in this matter pursuant to an outstanding warrant for his arrest for his failure to pay child support, and that he was later imprisoned because a search incident to his arrest revealed that he was in possession of marijuana and another controlled substance at the time of his arrest. Clearly, an arrest warrant for an outstanding civil violation, such as the warrant for a failure to pay child support on which Plaintiff was arrested, provides the police with probable cause to arrest an individual. *See, e.g., Utah v. Strieff*, --- U.S. ---, ---, 2016 WL 3369419, at * (June 20, 2016) (an outstanding civil traffic violation based arrest warrant confers probable cause to arrest and authorizes a search incident to that arrest). Thus, Plaintiff was not arrested without probable cause, and he cannot make out a false arrest claim.

To the extent that Plaintiff otherwise attempts to suggest that his incarceration on drug charges following that arrest was improper, that claim is essentially based on Plaintiff's assertion that the officers were not permitted to search him incident to his arrest on a civil arrest warrant for failure to pay child support, and that the discovery of drugs on his person amounted to an illegal search.[2] Plaintiff, however, is incorrect. As the Supreme Court has recently explained,

> "A warrant is a judicial mandate to an officer to conduct a search or make an arrest, and the officer has a sworn duty to carry out its provisions." *United States v. Leon*, 468 U.S. 897, 920 n. 21 (1984) (internal quotations marks omitted). [An officer's arrest of a person on an outstanding warrant is] thus a ministerial act that [is] independently compelled by the pre-existing warrant. And once [an officer is] authorized to arrest [a defendant under a pre-existing warrant], it [is] undisputedly lawful to search [that defendant] as an incident of his arrest to protect [the officer's] safety. *See Arizona v.*

---

[2] To make that argument, Plaintiff relies on cases dealing entirely with New Jersey's caselaw dealing with domestic violence search warrants which do not require probable cause. *See, e.g., State v. Dispoto*, 913 A.2d 791 (2007). Plaintiff, however, was not searched pursuant to such a warrant, but by his own admission was arrested on an outstanding bench warrant for failure to pay child support. Thus, the cases Plaintiff cites are of no moment here.

> *Gant*, 556 U.S. 332, 339 (2009) (explaining the permissible scope
> of searches incident to arrest).

*Strieff*, --- U.S. at ---, 2016 WL 3369419 at *4. Thus, because there was a pre-existing warrant for Plaintiff's arrest, the officers had probable cause to arrest him, and, under the search incident to arrest doctrine, had authorization to search Plaintiff's person and area of immediate control for weapons or contraband. *Id.*; *Gant*, 556 U.S. at 339 (search incident arrest doctrine permits officers performing a valid arrest to search a defendant's person and the area within his immediate control for weapons he might use and any evidence of wrongdoing he might conceal or destroy). That the evidence recovered is evidence of a crime other than that for which the warrant was issued is of no moment when that evidence is found on the person of the one being arrested. *Strieff*, --- U.S. at ---, 2016 WL 3369419 at *4-6.

Plaintiff, in his amended complaint, does not dispute that there was an outstanding warrant for his arrest for failure to pay child support. Thus, he was arrested pursuant to a valid warrant and there was no false arrest here. Likewise, because he was searched incident to that arrest and contraband was recovered as part of that search, the search in this matter was authorized by Plaintiff's arrest and was not an unlawful search. That this lawful search incident to arrest produced two controlled substances in turn provides both probable cause to arrest Plaintiff on drug charges, and probable cause to thereafter hold him on those charges. There was thus cause to both arrest Plaintiff on the outstanding warrant and probable cause to imprison Plaintiff based on the drugs seized on his person. Thus, Plaintiff has failed to plead false arrest, false imprisonment, or that he was illegally searched.[3] Indeed, Plaintiff has specifically pled

---

[3] Plaintiff also attempts to assert that the search of his person during his arrest was improper under *Levinson-Roth v. Parries*, a case in which the District of Maryland held that repeated pat down searches of an individual arrested pursuant to a child support warrant exceeded the authorization provided by a search incident to arrest and therefore were unreasonable. 872 F.

7

facts which defeat all three of those claims. Those claims must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.

In his amended complaint, Petitioner also mentions that he intends to assert a claim for selective enforcement based on the assertion that the Jersey City police do not, in the ordinary course, enforce all outstanding child support warrants, but did so in his case. In order to plead a selective enforcement claim, a plaintiff must assert that he was treated differently by law enforcement personnel than other similarly situated individuals and that the reason for this difference in treatment was an improper basis "such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). Plaintiff does not plead any instances of individuals other than himself being treated differently other than to assert that the police do not usually hunt down all those with an outstanding child support arrest warrant. Plaintiff likewise fails to plead any facts which would suggest that any difference in treatment was the result of an improper motive. Indeed, the documents Plaintiff attaches to his complaint suggest that the police enforced this warrant because they were already in the process of investigating Plaintiff for drug sales and in that process discovered the outstanding warrant, which they then enforced. As such, Plaintiff has not

---

Supp. 1439 (D. Md. 1995). Even were that case binding upon this Court, which it is not, the District of Maryland in *Levinson-Roth* did not find problematic that the plaintiff was searched incident to arrest, which is entirely proper, but instead the fact that she was searched as many as *six* times following her arrest, which that court found suspect and to go beyond the authorization of the search incident arrest exception to the warrant requirement of the Fourth Amendment. *Id.* at 1449-50. Thus, *Levinson-Roth* provides Plaintiff no support as nothing in Plaintiff's complaint suggests Plaintiff was searched more than once, or that that search exceeded the authorization of the search incident to arrest exception.

8

pled a claim for selective enforcement, and that claim must be dismissed without prejudice for failure to state a claim.[4]

### 3. Plaintiff has failed to state a claim for malicious prosecution or malicious abuse of process

Plaintiff also attempts to re-plead his malicious prosecution claim and add a claim for malicious abuse of process. As this Court has previously explained to Plaintiff, a prisoner may not bring a malicious prosecution claim without showing that the prosecution in question terminated in his favor. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Although Plaintiff states that he is currently pursuing a petition for post-conviction relief in the state courts, he essentially admits in his complaint that his criminal charges resulted in his criminal conviction. As Plaintiff was convicted, his prosecution clearly did not terminate in his favor, and Plaintiff has thus failed to state a claim for malicious prosecution against any of the Defendants.

Plaintiff also attempts to assert a claim for malicious abuse of process under § 1983. Unlike a malicious prosecution claim, a claim under § 1983 for malicious abuse of process

---

[4] Plaintiff asserts that he is not required to plead a claim for selective enforcement, but instead that he is entitled to discovery to determine whether such a claim can be made out, relying on *State v. D.R.H.*, 604 A.2d 89 (N.J. 1992), and *United States v. Faulk*, 479 F.2d 616, 620-21 (7th Cir. 1973). *Faulk* provides no support for this assertion, as the plaintiff in that case *had* alleged sufficient facts to suggest that his criminal prosecution was based improperly on his use of his freedom of speech. 479 F.2d t 620-21. That the Seventh Circuit required the Government to plead a lack of discrimination in its prosecution of Faulk was a result of the fact that Faulk had raised selective prosecution not as a stand-alone civil claim but as a criminal defense which the Government was required to disprove, and because actual evidence of selectivity had been shown. *Id. D.R.H.* likewise offers no support for Plaintiff's assertion in so much as that is a case dealing with a defendant's entitlement to a second physical examination of his victim in a sexual assault criminal case in New Jersey state court and is completely silent as to selective enforcement. 604 A.2d at 90-98. This Court is aware of no reason why selective enforcement would be excepted from the normal pleading requirements, and no caselaw exists to support such an assertion of which this Court is aware.

9

requires a Plaintiff to show that his "prosecution [wa]s initiated legitimately and thereafter [wa]s used for a purpose other than that intended by the law." *Rose v. Bartle*, 871 F.2d 331, 350 n. 17 (3d Cir. 1989); *see also Harris v. Zyskowski*, No. 12-7191, 2013 WL 6669186, at *6 (D.N.J. Dec. 18, 2013). Here, Plaintiff does not allege that his criminal prosecution was used for any purpose other than to convict him of various drug distribution crimes, which is clearly the purpose of criminal prosecution. As such, he has failed to plead a claim for malicious abuse of process. Even were this not the case, Plaintiff fails to plead how any of the named Defendants actually misused his criminal prosecution, and would fail to state a claim for that reason as well.

### 4. Plaintiff's *Brady* claim is barred until such time as his conviction is invalidated

Plaintiff's final § 1983 claim is essentially a claim that he was denied due process in so much as he alleges that the prosecutor failed to turn over the identity of the CI involved in this case until trial, and that this failure amounts to a violation of the *Brady* doctrine. While this Court notes that Plaintiff specifically chose not to name the prosecutor as a Defendant in his amended complaint, Plaintiff attempts to present his *Brady* claim based upon the prosecutor's actions rather than those of any named Defendant. Thus, as to the named Defendants, Plaintiff has failed to make any allegations as to how they violated his rights under *Brady*. In any event, Plaintiff's *Brady* claim is barred because Plaintiff was convicted of the underlying crimes. As the Third Circuit has explained

> a meritorious *Brady* claim, by definition, implies the invalidity of the attendant criminal conviction. *See Strickler v. Greene*, 527 U.S. 263, 281 [(1999)] ("[T]here is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."). [A § 1983] *Brady* claim is therefore barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994)[, until such time as the plaintiff's conviction has been overturned]. *See, e.g., Amaker*

10

> *v. Weiner*, 179 F.3d 48, 5 (2d Cir. 1999) (holding that *Brady* claims implicate the validity of the resulting conviction and are thus barred by *Heck*).

*Dukes v. Pappas*, 405 F. App'x 666, 668-69 (3d Cir. 2010). Thus, even if Plaintiff had pled facts sufficient to show that Defendants had somehow violated *Brady* by failing to provide the name of their CI in their police reports, Plaintiff's claims would be barred until such time as he successfully has his conviction invalidated through a petition for post-conviction relief or petition for a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005); *Heck*, 512 U.S. at 481. Plaintiff's *Brady* claim is thus barred and must be dismissed without prejudice.

### 5. Plaintiff's state law claims

In addition to his § 1983 claims, Plaintiff asks this Court to take supplemental jurisdiction over several state law claims, including a purported claim that his phone carrier violated his right to privacy by responding to a grand jury subpoena requesting the name of the owner of Petitioner's cell phone number. As this Court has now dismissed all claims over which it would have original jurisdiction, this Court declines to extend supplemental jurisdiction over Plaintiff's state law claims, including those against Verizon. *See* 28 U.S.C. § 1367(c)(3). Because this Court has dismissed all claims over which it has original jurisdiction, and because this Court therefore declines to extend supplemental jurisdiction over Plaintiff's purported state law claims, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety.

## III. CONCLUSION

For the reasons stated above, this Court will dismiss Plaintiff's amended complaint without prejudice in its entirety. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge